IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

        Plaintiff,

vs.                                                                                                    Cr. No. 10-460 MCA

MICHAEL MONTOYA,

        Defendant.

## ORDER

This matter is before the Court upon Defendant's *Amended Motion to Dismiss Because of Pre-Indictment Delay*. [Doc. 24] The Court has considered the United States' Response [Doc. 42] and Supplement, [Doc. 45] the applicable law, the arguments and representations of counsel at the hearing on this matter, and is otherwise fully advised. For the following reasons, the Court **denies** Defendant's Motion.

Defendant is charged with the attempted robbery of a Wells Fargo Bank Raton, New Mexico on April 23, 2009. This attempted robbery is one of a series of bank robberies or attempted bank robberies in Colorado, Nevada, and New Mexico in which Defendant has been implicated by his alleged accomplice, James McBride. McBride was debriefed by the FBI on August 11 and 30, 2009. The FBI's investigation of the Raton attempted bank robbery appears to have been largely completed on August 30, 2009, when FBI agents conducted their second and final debriefing of McBride. Defendant was indicted for the April 23, 2009 New Mexico

attempted bank robbery on February 23, 2010.  The focus of Defendant's motion is the roughly six-month period between August 11, 2009, when McBride first implicated the Defendant in the Raton attempted bank robbery, and February 23, 2010, when Defendant was indicted on the New Mexico charges.

>The applicable law has been summarized by our Tenth Circuit as follows:
>
>[A]lthough a defendant's primary protection against the government's prosecution of overly stale claims is the statute of limitations, the Fifth Amendment's due process clause does have a "limited role to play in protecting against oppressive delay." . . .[P]reindictment delay is not a violation of the Due Process Clause absent **[1]** a showing of actual prejudice and **[2]** that the delay was purposefully caused by the government to gain tactical advantage or to harass.  A defendant bears the burden of proof that the delay caused substantial prejudice to his right to a fair trial and that the delay was for the purpose of gaining a tactical advantage over him.

*Perez v. Sullivan*,  793 F.2d 249, 259 (10th Cir. 1986) (citations omitted). The Defendant bears the burden of proof.  *United States v. Engstrom*,  965 F.2d 836, 839 (10th Cir. 1992).

**First Prong:  Prejudice**

Defendant has not shown actual prejudice to the defense of the New Mexico charges.  He asserts that "memories have faded, witnesses have disappeared and cannot be located, and important pieces of evidence have been irretrievably lost."  [Doc. 24 at 6] I find that Defendant's allegations of prejudice are precisely the type of "vague and conclusory allegations of prejudice resulting from the passage of time" that are insufficient as a matter of law.  *United States v. Colonna*, 360 F.3d 1169, 1177 (10th Cir. 2004).  Defendant requested the opportunity to make an *ex parte*, *in camera* tender of an additional claim of prejudice to his defense.  The Court granted Defendant's request and received Defendants tender at the October  19, 2010 hearing on

this matter. The Court finds that Defendant's tender is too indefinite to establish that the delay in indicting Defendant prejudiced his defense.

Defendant also argues that he has suffered other forms of prejudice such as a transfer from the U.S. Bureau of Prisons, where he was serving his Colorado sentence, to confinement in New Mexico, apparently at a non-BOP facility; [Doc. 24 at 6] the loss of a possible opportunity to serve his Colorado and New Mexico sentences concurrently; [Doc. 23 at 7], and the loss of a concurrent sentence or grouping of sentences. [Doc. 24 at 7] The Court notes that the cases Defendant cites are speedy trial cases. Prejudice for purposes of a Fifth Amendment pre-indictment delay claim is more limited than prejudice in the constitutional speedy trial context. For example, emotional, financial, and social distress do not constitute prejudice for purposes of pre-indictment delay, even though they may be considered in Sixth Amendment speedy trial contexts. *United States v. Jackson*, 446 F.3d 847, 850-51 (8th Cir. 2006); *see also United States v. Fuesting*, 845 F.2d 664 (7th Cir. 1988) (distinguishing prejudice for purposes of analysis of post- and pre-indictment delays). The Court is persuaded that prejudice in the pre-indictment delay context is limited to actual prejudice to Defendant's ability to defend against the charges currently pending against him. The other forms of prejudice alleged by Defendant are irrelevant to his claim of prejudicial pre-indictment delay.

**Second Prong: Purposeful Tactical Advantage**

Defendant argues that the government delayed indicting Defendant on New Mexico charges until February 2010 so that it could use McBride to maximum advantage in prosecuting Defendant on the Colorado charges. [Doc. 24 at 7-8] This argument lacks merit.

On or about August 17-19, 2009, McBride entered into a plea agreement pursuant to which the United States agreed not to prosecute McBride on certain Colorado offenses and on all offenses arising out of the Raton attempted bank robbery in return for McBride's cooperation in prosecuting Defendant in Colorado, Nevada, and New Mexico. [Doc. 45 at 3] Defendant's Colorado trial began on August 31, 2009, and concluded on September 8, 2009, with a jury verdict convicting Defendant on all counts. Obviously, any delay in indicting Defendant on the New Mexico charges that occurred after September 8, 2009 could not have conferred an advantage on the government with respect to the Colorado prosecution because that case was concluded in favor of the government on September 8, 2009. Thus, nearly the entire period of pre-indictment delay asserted by Defendant is logically irrelevant to Defendant's theory of purposeful delay directed at enhancing the government's position in the Colorado prosecution.

Defendant's argument that the government delayed indicting Defendant on the New Mexico charges "to utilize Mr. McBride to testify in [the Colorado] criminal proceedings without disclosing the benefits Mr. McBride would receive in [the New Mexico] case" is refuted by the facts. As noted above, by the time Defendant was tried in Colorado, McBride had entered into an agreement that was conditioned on McBride's cooperation in prosecuting Defendant on the Colorado and New Mexico charges. The government disclosed McBride as a cooperating witness prior to the Colorado trial and provided Defendant with McBride's plea agreement. [Doc. 42 at 11]

If Defendant means to argue that "without disclosing the benefits Mr. McBride would receive" refers to disclosure to the jury in the Colorado trial, his argument ignores the practical

realities of the case. The jury in the Colorado trial was apprised of McBride's plea agreement as it related to his obligation to cooperate in prosecuting Defendant in return for favorable disposition of certain Colorado charges. [Doc. 42 at 3-4] Evidence that McBride's agreement also required that he cooperate in prosecuting Defendant on New Mexico charges would have had minimal additional impeachment value, while evidence of Defendant's involvement in an additional attempted robbery in New Mexico would have had serious prejudicial impact on the defense against the Colorado charges. See Fed. Evid. Rule 404(b). Apparently recognizing the substantial Rule 404(b) problem presented by evidence of the potential New Mexico charges, the government did not address the Raton attempted bank robbery in its direct examination of McBride. [Doc. 42-1 at 2-6] Similarly, Defendant's counsel declined to bring up the McBride's agreement to assist the government in prosecuting the New Mexico charges in his cross-examination of McBride. [Doc. 42 at 4] If Defendant had been indicted on the New Mexico charges at the time of the Colorado trial, rather than merely facing the prospect of subsequent indictment, a virtually identical evidentiary calculus would have applied. Indeed, evidence that Defendant actually had been indicted on the New Mexico charges would have been more prejudicial to Defendant than evidence that the government was considering a prosecution on the New Mexico charges. There is no reason to believe that Defendant's Colorado trial would have played out differently if Defendant had been indicted on the New Mexico charges prior to the Colorado trial. Defendant has failed to make out a plausible case that the government expected to obtain a tactical advantage in the Colorado trial by waiting until after the Colorado trial was concluded to present the New Mexico charges to a New Mexico grand jury.

**CONCLUSION**

Defendant has failed to satisfy either prong of the two part test applicable to a claim of improper pre-indictment delay. Accordingly, Defendant's motion to dismiss must be denied.

**IT IS THEREFORE HEREBY ORDERED** that Defendant's *Amended Motion to Dismiss Because of Pre-Indictment Delay* [Doc. 24] is **DENIED**.

**So ordered this 24th day of February, 2011.**

_____
M. CHRISTINA ARMIJO
UNITED STATES DISTRICT JUDGE